**SMURFIT NEWSPRINT CORPORATION, Petitioner–Appellant,**

v.

**ASSOCIATION OF WESTERN PULP AND PAPER WORKERS, LOCAL 60, Respondent–Appellee.**

No. 01–35920.
D.C. No. CV–01–0953 AS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*
Decided Feb. 24, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KLEINFELD and McKEOWN, Circuit Judges, and BREYER, District Judge.**

MEMORANDUM***

Appellant Smurfit Newsprint Corporation ("Smurfit") appeals the denial of its petition to vacate a labor arbitration award.

Judicial review of a labor-arbitration decision pursuant to a collective bargaining agreement ("CBA") "is very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that

the decision rests on factual errors or misinterprets the parties' agreement." *Id.* If an " 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.' " *Eastern Associated Coal Corp. v. United Mine Workers, Dist. 17*, 531 U.S. 57, 62, 121 S.Ct. 462, 148 L.Ed.2d 354 (2000) (citation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (citation omitted).

Smurfit's petition fails because the arbitrator was "arguably construing or applying the contract and acting within the scope of his authority." *Eastern Associated Coal Corp.*, 531 U.S. at 62. The arbitrator expressly applied Section 39 of the CBA in awarding benefits. His conclusion that Smurfit's sale of the Newberg Mill to an unrelated company was a permanent closure of the Mill by Smurfit was a construction and application of the CBA within the scope of the arbitrator's authority and we have no occasion to decide whether it was correct or erroneous.

Smurfit's reliance on the Seventh Circuit's decision in *Anheuser–Busch, Inc. v. Beer, Soft Drink Local Union No. 744*, 280 F.3d 1133 (7th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 119, 154 L.Ed.2d 144 (2002), is unpersuasive. Here, unlike *Anheuser–Busch*, the arbitrator did not disregard an unambiguous provision of the CBA. No language in the CBA prohibits the arbitrator from concluding that Smur-

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fit's sale of the Mill constitutes Smurfit's permanent closure of the Mill. Smurfit is simply complaining about the arbitrator's interpretation of the CBA. Such a complaint is not a valid ground for vacating the arbitrator's decision. *See Garvey,* 532 U.S. at 509 (stating that "courts ... have no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim") (internal quotation marks and citation omitted) (alteration in original).

*Pennsylvania Power Co. v. Local Union No. 272,* 276 F.3d 174 (3d Cir.2001), *cert. denied,* 536 U.S. 959, 122 S.Ct. 2663, 153 L.Ed.2d 838 (2002), is similarly distinguishable. While the arbitrator's decision in *Pennsylvania Power* was arguably not based on any provision of the contract, the arbitrator's decision here was based on his interpretation of a specific provision of the CBA: namely, the provision requiring the payment of severance benefits in the event Smurfit closed the Mill.

**AFFIRMED.**